DAVID S. WILSON, III, (SBN 174185)
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, CA 92614
Telephone: 949.862.4656
Facsimile: 901.492.5641
dswilson@fedex.com

Barak J. Babcock, (PABN 202720) (Admitted *Pro Hac Vice)*
**FEDEX GROUND PACKAGE SYSTEM, INC.**
1000 FedEx Drive
Moon Township, PA 15108
Telephone: 412.859.5763
Facsimile: 901.492.9930
barak.babcock@fedex.com

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KALAJ, INC., a California Corporation; and N&C TRUCKING, INC., a California Corporation;

Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; and DOES 1 to 100, Inclusive,

Defendants.

**Case No. 5:17-cv-02060-JLS-KK**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12**

Hearing Date: January 12, 2018
Time: 2:30 p.m.
Courtroom: 10A, 10th Floor
Judge: Honorable Josephine L. Staton

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ ii

TABLE OF AUTHORITIES ........ ii

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 2

A. Plaintiffs Contractual Relationship ........ 2

B. Plaintiffs' Releases ........ 2

III. LEGAL ARGUMENT ........ 5

A. Plaintiffs' First Amended Complaint Fails to Meet Federal Pleading Standards Under *Twombly* and *Iqbal*. ........ 5

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

## CASES

*Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) ........ 3

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ........ 6

*Askari v. U.S. Airways, Inc.*, No. 09-cv-0753, 2009 U.S. Dist. LEXIS 252051 (W.D. Pa. Aug. 14, 2009) ........ 9

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990) ........ 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 5, 6

*Carrier v. William Penn Broadcasting Co.*, 233 A.2d 519, 521 (Pa. 1967) ........ 8, 9

*Christakis v. Mark Burnett Prods.*, No. cv08-6864 GW (JTLx), 2009 U.S. Dist. LEXIS 60751 (C.D. Cal. Apr. 27, 2009) ........ 5

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ........ 6

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

ii

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

*Degenhardt v. Dillon Co.*, 669 A.2d 946 (PA 1996) .......... 7, 9

*Hotel Emples & Rest. Emples. Union, Local 57 v. Sage Hospitality Res., L.L.C.*, 299 F.Supp.2d 461 (W.D. Pa. 2004) .......... 10

*Hubson v. Lancaster State Prison*, No. cv05-8397 SJO (FFM), 2009 U.S. Dist. LEXIS 113652 (C.D. Cal. June 26, 2009) .......... 5

*Hull v. Welex Inc.*, No. 02-7735, 2002 U.S. Dist. LEXIS 24772 (E.D. Pa. Dec. 30, 2002) .......... 8

*Kent v. Fair*, 140 A.2d 445 (Pa. 1958) .......... 7

*Litten v. Jonathan Logan, Inc.*, 286 A.2d 913 (Pa. Super. Ct. 1971) .......... 7

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) .......... 5

*McDonald v. Whitewater Challengers, Inc.* 116 A.3d 99 (Pa. Super. Ct. 2015) .......... 8

*N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578 (9th Cir. 1983) .......... 5

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) .......... 3

*Sanders v. Brown*, 504 F.3d 903 (9th Cir. 2007) .......... 6

*Seal v. Riverside Federal Savings Bank*, 825 F. Supp. 686 (E.D. Pa. 1993) .......... 9

*Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885 (3d Cir. 1975) .......... 7, 8, 9

*Tri-State Roofing Co. of Uniontown v. Simon*, 142 A.2d 333 (Pa. Super. Ct. 1958) .......... 8

*Wahsner v. American Motors Sales Corp.*, 597 F. Supp. 991 (E.D. Pa 1984) .......... 9

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

iii
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

**RULES**

Fed. R. Civ. P. 12(b)(6) .......................................................................................5

Fed. R. Civ. P. 15(a)(3).......................................................................................5

Fed. R. Civ. P. 8 .............................................................................................1, 5

iv

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs KALAJ, INC. and N&C TRUCKING, INC. (collectively, "Plaintiffs") filed this lawsuit over the ending of their business relationship with Defendant FedEx Ground Package System, Inc. ("FedEx"). The Court must dismiss Plaintiffs' Complaint because: (1) it fails to meet the minimum federal pleading standards required to state a right to relief under Fed. R. Civ. P. 8; and (2) Plaintiffs released and waived all claims contained in the Complaint.

In the instant matter, Plaintiffs were linehaul contractors, who contracted with FedEx to move FedEx's customer packages, via tractor trailers, throughout the United States. On June 3, 2016, one of Plaintiffs' drivers was involved in a serious rollover accident. The driver received a citation from the police for falsifying his driver's log. Thereafter, FedEx conducted its own investigation of the events surrounding the above-referenced accident, and uncovered Plaintiffs engaged in a regular and systemic practice of using one driver for runs that required a team of two drivers. In essence, FedEx discovered Plaintiffs were falsifying driver logs and hours of service as required by the Department of Transportation ("DOT") to the detriment of its employees and the driving public. Moreover, Plaintiffs fraudulently collected increased payment for the team runs that were performed with only one driver. Consequently, FedEx immediately suspended Plaintiffs' routes.

However, instead of exercising its right to immediately terminate Plaintiffs' contracts due to extreme safety and integrity violations, FedEx negotiated with Plaintiffs and its attorney to provide Plaintiffs time assign its runs under the contracts. In consideration for being permitted to sell its businesses (for $1.2 Million), Plaintiffs each executed a General Release and Waiver, the terms of which were negotiated by its counsel. Despite an enforceable release, Plaintiffs bring this current lawsuit. As such, Plaintiffs claims must be dismissed with prejudice.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

## II. FACTUAL BACKGROUND

### A. Plaintiffs Contractual Relationship

Plaintiffs' began its business relationship with FedEx in the mid – 1990s. First Amended Complaint (Doc. No. 10) at ¶¶s 10-11. On June 3, 2016, a rollover tractor trailer accident occurred involving one of Plaintiffs' drivers. The driver was cited for falsifying his driver's log – representing that the driver was "resting" (as required under DOT regulations) instead of "driving"- at the time of the accident.

Upon learning about the accident, FedEx opened an extensive investigation to determine if the accident was caused by a "rogue" driver or whether Plaintiffs systematically skirted its contractual requirements (and, DOT regulations). Through its investigation, FedEx determined Plaintiffs breached its contracts with FedEx through its pervasive and institutionally accepted practice of being paid for team runs with a single driver. For example, Plaintiffs contracted and were paid to perform "team runs" – i.e., more than one DOT certified driver driving a tractor so that when one driver is out of DOT driving hours, the other driver can take over driving. The effect of which is to move FedEx freight more quickly and safely across the United States than with single driver runs. Instead of employing two drivers to do these long haul runs, Plaintiffs permitted (and financially profited) from having one driver conduct these "zombie runs" and falsify the driver's DOT required drivers' logs to indicate the performance of a team run.

### B. Plaintiffs' Releases

Because of the severity of the safety issues associated with zombie runs, FedEx had every right to immediately terminate Plaintiffs' contracts. Plaintiffs, through their attorney, sought time to sell their business assets prior to FedEx terminating their contracts. FedEx acquiesced to Plaintiffs' request for time to sell.

On August 31, 2016, each Plaintiff signed a Release regarding the severing of the business relationship with FedEx. *See* N & C Trucking Release (Doc. No. 10-8); Declaration of D. Patrick Kunkler In Support of Motion to Dismiss, Ex. A (Kalaj,

2

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

Inc.'s Release).[1] The releases specifically provide that "in exchange for [Plaintiffs] executing this Release and satisfying other conditions, FedEx Ground will forbear from immediately terminating the Operating Agreements and from withholding consent to [Plaintiffs'] proposed assignment of its Operating Agreements upon satisfaction of certain conditions." *Id.* at ¶ D. In exchange for being permitted to assign their assets (for $1.2 Million), Plaintiffs released any and all claims against FedEx. *Id.* at p. 1-2. Specifically, the Release provided:

> **III. <u>RELEASE</u>:**
>
> In consideration of the foregoing, the promises and covenants contained herein, and other good and valuable consideration, the sufficiency and receipt of which NCI and Kalaj hereby acknowledge, NCI and Kalaj, on behalf of themselves, and on behalf of any of related or associated persons or business entities (including any entity for or through which NCI/or Kalaj provided linehaul services to FedEx Ground), heirs, agents, attorneys, employers, employees, representatives, executors, administrators, successors, insurers and assigns ("Releasors"), hereby forever releases, waives, acquits, and discharges FedEx Ground and each of its employers, parents, subsidiaries, predecessors, successors, affiliated corporations or other related entitles, and each of their respective past, present, and future third-party administrators and insurers, officers, directors, stockholders, agents, representatives, servants, employees, heirs, and attorneys ("Releasees"), from all claims, demands, obligations, judgments, actions, causes of action, liens, and liabilities for injuries, losses, and damages of any kind of nature, whether personal, property, punitive, exemplary, economic, or noneconomic, whether now known or unknown, that in any way arose, arises, or has accrued through the date

---

[1] This Court may consider documents, which are, like Kalaj Inc.'s Release, integral to, and dispositive of, Plaintiffs claims so as to avoid Plaintiffs from attempting to survive "a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (*superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-2 (9th Cir. 2006)). FedEx recognizes that in deciding a motion to dismiss the Court is constrained by the allegations raised in Plaintiffs' First Amended Complaint. Nonetheless, for informational purposes and to provide appropriate context for the Release, FedEx provides the above information. Critically, none of this information is necessary to resolution of the issues pending in the motion to dismiss. The only critical documents/information for the motion are the Releases.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

3
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

of this Release.

*Id.* at p. 1.

Additionally, Plaintiffs properly released any unknown injuries. *Id.* at ¶ 2 (containing waiver under California Civil Code Section 1542.) The Plaintiffs (and their principal owner, Nick Kalaj) represented and warranted the following:

> 3.1 That they have the sole right and exclusive authority to execute this Release;
>
> 3.2 That they have carefully read, and know and understand, the full contents of the Release **and are voluntarily entering into it after having received independent legal advice from their attorneys with respect to the advisability of making and executing this Release**;
>
> 3.3 In executing this Release, they have not relied on any statement, representation, omission, inducement, or promise of any other party (or any officer, agent employee, representative, or attorney for any other party), except as expressly stated in this Release;
>
> 3.4 They have investigated the facts relevant to this Release, and all matters pertaining thereto, to the full extent that they deem necessary;
>
> 3.5 They have had an adequate opportunity to read, review, and consider the effect of the language of this Release, and have agreed to its terms; and
>
> 3.6 It is understood and agreed that this Release is not to be construed as or deemed to be an admission of any liability, fault, or responsibility.

*Id.* at ¶ 3 (emphasis added). Finally, at the end of the document immediately above the signature blocks, Plaintiffs again acknowledged that: "I HAVE READ THE FOREGOING GENERAL RELEASE AND WAIVER, UNDERSTAND ITS TERMS, AND FREELY AND VOLUNTARILY AGREE TO BE BOUND BY IT." *Id.*, p. 3.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

4
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

## III. LEGAL ARGUMENT

A defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted to test the complaint's sufficiency. Fed. R. Civ. P. 12(b)(6); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A defendant can file a motion to dismiss an amended pleading within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later. Fed. R. Civ. P. 15(a)(3). A compliant may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Courts can and do grant Rule 12(b)(6) motions to dismiss where claims are barred by prior releases signed by a plaintiff. *See e.g. Marder v. Lopez*, 450 F.3d 445, 453-54 (9th Cir. 2006) (affirming Rule 12(b)(6) dismissal of claims as barred by a release); *Christakis v. Mark Burnett Prods.*, No. cv08-6864 GW (JTLx), 2009 U.S. Dist. LEXIS 60751, **9-10 (C.D. Cal. Apr. 27, 2009) (granting Rule 12(b)(6) motion to dismiss, in part, because claims were barred by release agreement); *Hubson v. Lancaster State Prison*, No. cv05-8397 SJO (FFM), 2009 U.S. Dist. LEXIS 113652, **17-19 (C.D. Cal. June 26, 2009) (same).

### A. Plaintiffs' First Amended Complaint Fails to Meet Federal Pleading Standards Under *Twombly* and *Iqbal*.

Rule 8(a)(2) requires a plaintiff to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to Rule 8, a compliant must allege "***enough facts*** to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). If the allegations do not move the "claims across the line from conceivable to plausible, [the] compliant must be dismissed." *Id.* The Supreme Court made clear that it is not proper to assume a plaintiff can prove facts not alleged or that defendants violated laws in ways not

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

5
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

alleged. *Id.* at 563, n. 8. A plaintiff must include factual allegations sufficient to "raise a right to relief above the speculative level." *Id.* at 555. Factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Id.* at 545.

It is axiomatic that a plaintiff cannot meet the threshold requirement of Rule 8 simply by reciting legal language or by stating legal conclusions unsupported by factual allegations. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."); *see also Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) (conclusory legal allegations not adequate to defeat a motion to dismiss); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (courts are "not required to accept legal conclusions cast in the form of factual allegations"). Legal conclusions must be supported by factual allegations. *Iqbal*, 129 S. Ct. at 1950. Where the facts pled do not permit the court to infer more than the mere possibility of misconduct, the compliant has failed to demonstrate that the pleader is entitled to relief. *Id.* at 1940-50.

The reason for enforcing the *Twombly/Iqbal* pleading requirement is clear: without the courts acting as gatekeepers, any plaintiff could simply allege that plaintiff was subjected to violations of some law without any factual underpinning to those allegations. In doing so, a plaintiff could needlessly subject a defendant to the expense and burden of litigation.

Here, Plaintiffs have not pled *any* facts to overcome the binding Releases negotiated and executed with the help of an attorney. Nor do Plaintiffs plead any facts to support their allegations of duress. Specifically, and as it relates to the Release, Plaintiffs plead the following:

> 46. Further, Mr. Kalaj, on behalf of Plaintiffs, was forced to sign a General Release exonerating the Defendants for their actions herein under the threat that they would immediately terminate their Operating Agreements and not give Plaintiffs time to complete the sale of their lines. Mr. Kalaj regretfully signed the Release under severe economic

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

6

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

duress.

93. Plaintiffs further allege that a reasonable person in the Plaintiffs' same position would have believed that he or she had no reasonable alternative except to consent to the General Release contract.

94. Plaintiffs would not have consented to the General Release contract without the wrongful acts of the Defendant.

**B. Plaintiffs' claims are barred under Pennsylvania law**

Plaintiffs' contracts with FedEx contain a choice of law provision – "**16. GOVERNING LAW.** This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania." *See* Doc. No. 10-1 at p. 44. The Parties also agreed that the Releases would be governed and construed by Pennsylvania law. Plaintiffs have not pled any factual allegations to support its contention that the Release is invalid under Pennsylvania law. Under long standing Pennsylvania law, "a signed release is binding upon the parties unless executed and procured by fraud, duress, accident or mutual mistake." *Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 892 (3d Cir. 1975) (citing *Kent v. Fair*, 140 A.2d 445 (Pa. 1958)).[2]

[2] FedEx served Plaintiffs with a Rule 11 safe harbor motion. During the parties' discussions of the propriety of Plaintiffs' First Amended Complaint, Plaintiffs relied upon *Litten v. Jonathan Logan, Inc.*, 220 Pa. Super 274, 286 A.2d 913 (Pa. Super. Ct. 1971), to assert the Releases are voidable. The *Litten* case is distinguishable on its facts. In *Litten*, the defendant refused to pay the plaintiffs' creditors until the plaintiffs executed a written agreement, which contained substantially less favorable terms than the oral contract the parties had previously negotiated. Here, the Release is the only operative contract and FedEx did not change any terms of any prior oral agreement to Plaintiffs' detriment. FedEx had the right to immediately terminate Plaintiffs contracts, but instead permitted Plaintiffs time to complete a $1.2 Million sale in exchange for the Releases. Further, Plaintiffs' contention that *Litten* permits the voiding of a settlement based on economic duress, even where the party is represented by and able to consult his own counsel, is without merit. In *Litten*, the party claiming duress was not represented by his own, independent counsel; his counsel was the brother of the opposing party's lawyer. *Litten*, 286 A.2d at 916. Moreover, the Pennsylvania Supreme Court has rejected that economic duress alone, without any threat of physical violence, can void a contract or settlement of an adequately represented party. *See Degenhardt v. Dillon Co.*, 543 Pa. 146, 669 A.2d 946, 950-52 (PA 1996).

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

7

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

1. Plaintiffs Cannot Invalidate the Release on the Basis of Duress.

In Pennsylvania, duress has been defined as "that degree of restraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness[.]" *Carrier v. William Penn Broadcasting Co.*, 233 A.2d 519, 521 (Pa. 1967). Where, however, "the contracting party is free to come and go and to consult with counsel, there can be no duress in the absence of threats of actual bodily harm." *Three Rivers Motor Co.*, 522 F.2d at 893. Here, Plaintiffs cannot dispute representation by counsel at the time the Releases were negotiated and executed. Further, a corporation can't be threatened with physical harm. Presuming Plaintiffs assertion is that it had to choose between signing the Release or facing the possibility of economic loss, their claims still fail.

In order to successfully plead economic duress, however, courts have found that "there must be more than a mere threat which might possibly result in injury [to Plaintiffs] at a future time[.]" *McDonald v. Whitewater Challengers, Inc.* 116 A.3d 99, 114-15 (Pa. Super. Ct. 2015); *see also Tri-State Roofing Co. of Uniontown v. Simon*, 142 A.2d 333, 335 (Pa. Super. Ct. 1958) (holding that duress is "more than a mere threat" of possible economic injury in an indefinite future); *Hull v. Welex Inc.*, No. 02-7735, 2002 U.S. Dist. LEXIS 24772, * 6 (E.D. Pa. Dec. 30, 2002) ("[M]ere financial pressure is insufficient to invalidate a release.").

Here, Plaintiffs cannot make any serious contention of economic duress. *See* Release at ¶ 3.2 (acknowledging that Plaintiffs "have carefully read, and know and understand, the full contents of this Release and are voluntarily entering into it after having received independent legal advice from their attorneys with respect to the advisability of making and executing this Release"); *id.* at ¶ 3.5 (and that Plaintiffs "had an adequate opportunity to read, review, and consider the effect of the language of this Release, and have agreed to its terms"). Courts interpreting Pennsylvania law have held that there can be no serious contention of economic duress where, as here,

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

Plaintiffs were free to come and go and consult with their attorney prior to signing the release. *See Degenhardt*, 669 A.2d at 952 (reaffirming "the rule of law . . . that a party who has a reasonable opportunity to consult with legal counsel before entering into a contract cannot later invalidate the contract by claiming economic duress"); *Three Rivers Motors Co.*, 522 F.2d at 893 ("[U]nder Pennsylvania law where the contracting party is free to come and go and to consult with counsel, there can be no duress in the absence of threats of actual bodily harm."). Further, even when a party is faced with losing their livelihood, such as employment, which "is inherently stressful, . . . it is not the sort of duress or undue influence that would invalidate an otherwise valid separation agreement." *Askari v. U.S. Airways, Inc.*, No. 09-cv-0753, 2009 U.S. Dist. LEXIS 252051, *4 (W.D. Pa. Aug. 14, 2009) (citing *Carrier v. William Penn Broadcasting Co.*, 426 Pa. 427, 233 A.2d 519, 521 (Pa. 1967)).

2.  The Releases are not voidable because Plaintiffs ratified the Releases.

An agreement executed under economic duress is not void *ab initio*. Instead, under Pennsylvania law, a contract executed under economic duress is voidable. *See Wahsner v. American Motors Sales Corp.*, 597 F. Supp. 991, 998 (E.D. Pa 1984) (citing *National Auto Brokers*, 364 A.2d 470, 476 (Pa. Super. Ct. 1976)). But a contract, like the Releases, can be ratified if the party who executed it under duress "accepts the benefits flowing from it, or remains silent, or acquiesces in the contract for any considerable length of time after the party has the opportunity to annul or avoid the contract. *Id.*; *accord Seal v. Riverside Federal Savings Bank*, 825 F. Supp. 686, 695-96 (E.D. Pa. 1993).

Here, Plaintiffs received the consideration provided by FedEx – time to sell their businesses - instead of having FedEx terminate the contracts immediately. Plaintiffs could have sought injunctive relief in an attempt to prevent FedEx from terminating its contracts; or, brought a claim for contract damages from improper termination. Instead, Plaintiffs ratified the Releases by accepting the benefits offered

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

9
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

by FedEx Ground. *See Hotel Emples & Rest. Emples. Union, Local 57 v. Sage Hospitality Res., L.L.C.*, 299 F.Supp.2d 461, 466 (W.D. Pa. 2004) ("By remaining silent, defendant ratified the contract. A party cannot sit idly by and receive benefits under a contract and then later raise claims of economic duress.").

## CONCLUSION

After confirming wide spread egregious safety and integrity violations constituting a material breach of its Operating Agreements, FedEx had a contractual right to immediately terminate Plaintiffs' contracts. Upon learning of impending termination, Plaintiffs could have immediately pursued legal remedies against FedEx. Instead, Plaintiffs, with the help of their attorney, negotiated with FedEx for time to sell their assets. FedEx agreed to provide the time and not withhold consent from transfer in exchange for a Release. Plaintiffs received the benefit of its bargain by selling assets for $1.2 million. Plaintiffs have no factual support for the allegations in its Complaint, and the valid binding release agreements signed by Nick Kalaj on behalf of his businesses must prevent Plaintiffs from pursuing this matter against FedEx. Plaintiffs' attempt to "have their cake and eat it too" should not be permitted. Thus, FedEx's motion to dismiss should be granted.

DATED: December 1, 2017

Respectfully submitted,

By: s/Barak J. Babcock
Barak J. Babcock
(Admitted *Pro Hac Vice)*

Attorney for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

10

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2017, I caused the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12** to be filed with the Clerk of Court via CM/ECF, which will send notice to the following CM/ECF participants.

**Raj D. Roy.**
**Frank P. Agello**
**Roy Legal Group**
**8345 Reseda Boulevard, Suite 222**
**Northridge, CA 91324**
**Tel 818.993.3300**
**Fax 818.993.4577**

**Attorneys for Plaintiff**

Executed on December 1st, 2017, at Moon Township, Pennsylvania.

*s/Barak J. Babcock*
Barak J. Babcock

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK