DAVID S. WILSON, III, (SBN 174185)
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, CA 92614
Telephone: 949.862.4656
Facsimile: 901.492.5641
dswilson@fedex.com

Barak J. Babcock, (PABN 202720) (Admitted *Pro Hac Vice*)
**FEDEX GROUND PACKAGE SYSTEM, INC.**
1000 FedEx Drive
Moon Township, PA 15108
Telephone:  412.859.5763
Facsimile:  901.492.9930
barak.babcock@fedex.com

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALAJ, INC., a California Corporation; and N&C TRUCKING, INC., a California Corporation;<br><br>        Plaintiffs,<br><br>   v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; and DOES 1 to 100, Inclusive,<br><br>        Defendants. | **Case No.  5:17-cv-02060-JLS-KK**<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12**<br><br>Hearing Date:  April 27, 2018<br>Time:  1:30 p.m.<br>Courtroom:  10A, 10th Floor<br>Judge:  Honorable Josephine L. Staton |

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

REPLY MEMO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No.  5:17-cv-02060-JLS-KK

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................ ii

    CASES ................................................................................................................ ii

    OTHER AUTHORITIES ................................................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

    I. THE ASSIGNMENT RIGHTS DID NOT SURVIVE CONTRACT TERMINATION. ................................................................................................ 1

    II. PLAINTIFFS HAVE NOT ALLEGED ANY FACT TO DISTURB THIS COURT'S PRIOR RULING THAT THE RELEASES ARE NEITHER PROCEDURALLY NOR SUBSTANTIVELY UNCONSCIONABLE. ........................................................................................ 4

    III. PLAINTIFFS FAIL TO ALLEGE FACTS SUPPORTING FRAUDULENT INDUCEMENT OR MISTAKE. ................................. 8

CONCLUSION ............................................................................................................. 10

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................ ii

    CASES ................................................................................................................ ii

    OTHER AUTHORITIES ................................................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

    I. THE ASSIGNMENT RIGHTS DID NOT SURVIVE CONTRACT TERMINATION. ................................................................................................ 1

    II. PLAINTIFFS HAVE NOT ALLEGED ANY FACT TO DISTURB THIS COURT'S PRIOR RULING THAT THE RELEASES ARE NEITHER PROCEDURALLY NOR SUBSTANTIVELY UNCONSCIONABLE. ........................................................................................ 4

    III. PLAINTIFFS FAIL TO ALLEGE FACTS SUPPORTING FRAUDULENT INDUCEMENT OR MISTAKE. ................................. 8

CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**

*A. P. Landis, Inc., v. Mellinger*,
   175 A. 745 (1934) ................................................................................................. 8

*Acme Mkts., Inc. v. Valley View Shopping Ctr., Inc.*,
   493 A.2d 736 (Pa. Super. Ct. 1985) .............................................................. 9, 10

*Am. Outdoorsman, Inc. v. Shadow Beverages & Snacks, LLC*, No. CIV.A. 13-443,
   2014 WL 7335027 (W.D. Pa. Dec. 19, 2014) ................................................... 6

*Benec v. Armstrong Cement & Supply Corp.*, No. 139 WDA 2016,
   2016 WL 6876320 (Pa. Super. Ct. Nov. 22, 2016) ......................................... 9

*Essex Ins. Co. v. RMJC, Inc.*,
   306 F. App'x 749 (3d Cir. 2009) .................................................................... 10

*First Nat'l Bank v. Rockefeller*,
   5 A.2d 205 (Pa. 1939) ................................................................................ 9, 10

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

ii
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

*Francis v. FirstEnergy Corp.*, No. CIV. A. 15-673,
  2015 WL 4873961 (W.D. Pa. Aug. 13, 2015) ...................................................... 6

*Galt Capital, LLP v. Seykota*, No. CIV. 2002-63,
  2004 WL 298400 (D.V.I. Feb. 9, 2004) ............................................................... 6

*Grosso Enters., Inc. v. Domino's Pizza LLC*, No. CIV.A. 11-1484,
  2011 WL 816620 (E.D. Pa. Mar. 9, 2011) ........................................................... 5

*Liss & Marion, P.C. v. Recordex Acquisition Corp.*,
  937 A.2d 503 (Pa. Super. Ct. 2007) ................................................................... 10

*Nitterhouse Concrete Prods., Inc. v. Glass, Molders, Pottery, Plastics & Allied
  Workers Int'l Union, AFL-CIO, CLC*, No. 1:15-CV-2154,
  2018 WL 656013 (M.D. Pa. Feb. 1, 2018) ................................................... 1, 2, 3

*Nitterhouse Concrete Prods., Inc. v. Glass, Molders, Pottery, Plastics &
  Allied Workers Int'l Union, AFL-CIO, CLC*, No. 18-1429
  (3d Cir. Mar. 2, 2018) ......................................................................................... 2

*Openshaw v. FedEx Ground Package Sys., Inc.*,
  731 F. Supp. 2d 987 (C.D. Cal. 2010) ................................................................. 8

*Peerless Ins. Co. v. Pa. Cyber Charter Sch.*,
  19 F. Supp. 3d 635 (W.D. Pa. 2014) .................................................................. 10

*Posel v. Home Depot U.S.A., Inc.*, No. CIV. A. 94-5787,
  1995 WL 214454 (E.D. Pa. Apr. 3, 1995) ........................................................... 8

*Riley v. Am. Family Mut. Ins. Co.*,
  881 F.2d 368 (7th Cir. 1989) ............................................................................... 5

*Romero v. Allstate Ins. Co.*,
  1 F. Supp. 3d 319 (E.D. Pa. 2014) ................................................................... 4, 7

*Romero v. Allstate Ins. Co.*,
  158 F. Supp. 3d 369 (E.D. Pa. 2016) ............................................................... 4, 6

*Smith v. Sweden Valley, LLC*, No. 4:14-CV-01617,
  2015 WL 12669894 (M.D. Pa. June 19, 2015) .................................................... 9

*Smith v. Sweden Valley, LLC* No. 4:14-CV-1617,
  2015 WL 12696087 (M.D. Pa. Sept. 23, 2015) ................................................... 9

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

*Smith v. Sweden Valley, LLC*
  633 F. App'x 94 (3d Cir. 2016) .......................................................................... 9

*Synalloy Corp. v. Gray*,
  142 F.R.D. 266 (D. Del. 1992) ....................................................................... 6, 7

*Wilson Area Sch. Dist. v. Skepton*,
  895 A.2d 1250 (Pa. 2006) ............................................................................... 10

**OTHER AUTHORITIES**

70 C.J.S. Payment § 156(c) (1951) ..................................................................... 10

Daniel C. Bitting & Cynthia L. Saiter, *Litigation Strategies for in-House Counsel*, 36 Corp. Couns. Rev. 117, 125 (2017) .................................................. 7

Restatement (Second) of Torts § 545 cmt. d (1977) ............................................. 8

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

iv
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No.  5:17-cv-02060-JLS-KK

# MEMORANDUM OF POINTS AND AUTHORITIES

In their Opposition, ECF No. 42, Plaintiffs assert that the Court may not dismiss the SAC because of new, additional allegations in the SAC to the effect that the ability to assign rights under the Plaintiffs' Operating Agreements with FedEx Ground would have survived contract termination. Based on these new allegations, Plaintiffs claim that the General Releases ("the releases") Plaintiffs signed were unconscionable, and that the releases are voidable under theories of fraudulent inducement or mistake. These arguments fail for three reasons. First, the assignment rights did not survive contract termination. Second, Plaintiffs have not alleged any fact to disturb this court's prior ruling that the releases are neither procedurally nor substantively unconscionable. Third, Plaintiffs fail to allege facts supporting fraudulent inducement or mistake.

## I. THE ASSIGNMENT RIGHTS DID NOT SURVIVE CONTRACT TERMINATION.

To begin with, the assignment rights did not survive termination because once an operating agreement is terminated, there are no rights to assign and no contractors to assign them. *See, e.g.*, ECF No. 38-3, at 75-76[1] (stating that a "Contractor" may assign the Agreement subject to certain conditions and approvals); 38-3, at 94-95 (discussing "assignments by Contractor").[2]

Plaintiffs' only argument for post-termination survival of assignment rights is that Pennsylvania courts look to law governing collective bargaining agreements when determining whether a contract right survives termination, and, based on such law, would find that the assignment provisions of the Operating Agreement survive termination. To substantiate this argument, Plaintiffs rely on *Nitterhouse Concrete Prods., Inc. v. Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, AFL-*

---

[1] All page references herein are to ECF pagination.

[2] All of the contract documents and correspondence referenced in support of this motion are attached by Plaintiffs to the SAC in support of their claims. *See* ECF No. 26, at 4.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

*CIO, CLC*, No. 1:15-CV-2154, 2018 WL 656013, at *20 (M.D. Pa. Feb. 1, 2018), *appeal filed*, No. 18-1429 (3d Cir. Mar. 2, 2018). For five reasons, however, any obligation of FXG to approve assignments does not survive termination of the Operating Agreement under *Nitterhouse*.

First, like the collective bargaining agreement ("CBA") at issue in *Nitterhouse*, the Operating Agreement is a limited duration contract specifying terms upon which the contract ends, whether through the expiration of defined periods, non-renewal, or termination under various circumstances. *Compare Nitterhouse*, 2018 WL 656013, at *18 (noting that the CBA's "Effective Period, Termination, Renewal" section contained an express statement regarding the duration of the agreement) *with* ECF Nos. 38-2, at 37-39 *and* 38-3, at 77 (identifying the initial limited term of Agreement, periodic renewal for additional specified terms, and the right to terminate for cause during an initial or subsequent contract term). As with the CBA in *Nitterhouse*, by application of the general rule of non-survival, the rights in the Operating Agreement survived only until the expiration of the contract, whether through the expiration of a defined period, non-renewal, or termination. *See Nitterhouse*, 2018 WL 656013, at *18 (reciting the "traditional principle of contract law . . . that contractual obligations will cease, in the ordinary course, upon termination" of the agreement (internal quotations omitted)).

Second, like the CBA in *Nitterhouse*, the Operating Agreement contains no survival language pertaining to the assignment provisions. *Compare Nitterhouse*, 2018 WL 656013, at *18-19 (noting the absence of a "survival" clause or other language explicitly setting forth what duties or obligations survive termination of the contract) *with* ECF Nos. 38-2, at 44; 38-3, at 75-76.

Third, as in *Nitterhouse*, no one believed in the course of dealing between the parties that the assignment provisions survived termination. *Compare Nitterhouse*, 2018 WL 656013, at *19 (finding that the course of negotiations suggested that the parties did not believe the right at issue survived termination) *with* ECF Nos. 38-1, at

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

2
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No.  5:17-cv-02060-JLS-KK

18-19 (alleging that at the time of the events in question, FedEx Ground "assumed" that assignment did not survive termination); 38-1, at 19 (alleging that only "in hindsight" do "Plaintiffs contend that" assignment survived termination); 38-1, *passim* (failing to allege any communication by Mr. Husted at the time of the events in question arguing that FedEx Ground would have to approve assignment regardless of termination); 42, *passim* (likewise failing to note any appropriate communications by Mr. Husted); 42, at 16 (arguing that "[e]ven today, FedEx and their attorneys believe" that assignment rights do not survive termination).

Fourth, as in *Nitterhouse*, the assertion of survival is based on self-serving, post-hoc statements. *Compare Nitterhouse*, 2018 WL 656013, at *19 (discounting after-the-fact deposition testimony that the parties intended that the duty to indemnify would survive termination because "[i]t is not surprising that Plaintiffs' representative would testify—after litigation has commenced—in a manner that would support Plaintiffs' preferred interpretation of the contract") *with* ECF Nos. 38-1 (asserting survival of assignment for the first time on February 14, 2018, and only after two previous complaints, a fully briefed motion to dismiss, and an order of the Court granting one more chance to replead); 38-1, at 19 (admitting that the survival contention is "in hindsight").

Fifth, as in the CBA context addressed in *Nitterhouse*, there are certain rights in the Operating Agreements that survive—the obligation to arbitrate and certain indemnity obligations. *Compare Nitterhouse*, 2018 WL 656013, at *20-22 (noting that some rights, such as particular arbitration and indemnification provisions, are presumed to survive, but holding that indemnification for withdrawal liability—the provision at issue—was not presumed to survive) *with* ECF Nos. 38-2, at 40 (providing for arbitration of asserted wrongful termination); 38-2, at 30-31 (particular indemnification provision applicable "[d]uring the term of this Agreement *and thereafter*" (emphasis added)); 38-2, at 39-40 (property return provisions applicable after termination). As in *Nitterhouse*, however, the right at issue—in this case,

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

3
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No.  5:17-cv-02060-JLS-KK

assignment approval—is not among them. *See* ECF No. 38-3, at 75-76 (stating that a "Contractor" may assign the Agreement subject to certain conditions and approvals); 38-3, at 94-95 (discussing "assignments by Contractor").

## II. PLAINTIFFS HAVE NOT ALLEGED ANY FACT TO DISTURB THIS COURT'S PRIOR RULING THAT THE RELEASES ARE NEITHER PROCEDURALLY NOR SUBSTANTIVELY UNCONSCIONABLE.

Even if Plaintiffs could have assigned rights after termination, the releases would still not be unconscionable. "To prove unconscionability under Pennsylvania law, a plaintiff must show that a contract is both procedurally *and* substantively unconscionable." ECF No. 26, at 5 (emphasis added) (quoting *Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d 319, 417 (E.D. Pa. 2014)). For four reasons, Plaintiffs have failed to allege any fact to disrupt this Court's prior ruling that the releases are neither procedurally nor substantively unconscionable. *See* ECF No. 26, at 5-6.

First, consistent with Pennsylvania law, this Court previously held that the releases were not procedurally unconscionable because Plaintiffs "were advised by an attorney when deciding whether to sign the agreement." ECF No. 26, at 5-6; *see also, e.g.*, *Romero v. Allstate Ins. Co.*, 158 F. Supp. 3d 369, 383 (E.D. Pa. 2016) (holding that a release is not procedurally unconscionable when signed by "sophisticated individuals . . . presented with a clear and understandable Release" and with "time to consult with outside counsel").[3] Indeed, by virtue of this Court's previous holding, it is already the law of this case that representation by counsel defeats procedural unconscionability and, therefore, unconscionability. *See* ECF No. 26, at 5-6. Plaintiffs do not dispute that they consulted counsel, nor do they cite to any cases in which a court found a contract to be procedurally unconscionable where the party asserting unconscionability consulted counsel. *See* ECF Nos. 38-1, at 19; 42, at 27-28. Moreover, FedEx Ground has located no case applying Pennsylvania law that has ever

---

[3] Plaintiffs cite to an earlier summary judgment decision in this same case without acknowledging this opinion. *See* ECF No. 42, at 28.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

4
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No.  5:17-cv-02060-JLS-KK

found a contract procedurally unconscionable where the party asserting unconscionability consulted counsel.

Second, Plaintiffs' allegation that the assignment rights survived termination does not save procedural unconscionability. On the one hand, if assignment approval survived termination, and Mr. Husted so advised Plaintiffs, Plaintiffs and Mr. Husted could and should have insisted on approval of any attractive sales transaction pre- or post-termination both in negotiation with FedEx Ground and by seeking a temporary restraining order or preliminary injunction if necessary. *See, e.g.*, *Grosso Enters., Inc. v. Domino's Pizza LLC*, No. CIV.A. 11-1484, 2011 WL 816620, at *1 (E.D. Pa. Mar. 9, 2011) (granting temporary restraining order to enjoin defendant from enforcing the termination of plaintiff's franchise agreement). On the other hand, if assignment approval survived termination, and Mr. Husted did not so advise Plaintiffs, then it is Mr. Husted, not FedEx Ground, who caused Plaintiffs to sign the releases. *Cf. Riley v. Am. Family Mut. Ins. Co.*, 881 F.2d 368, 373-74 (7th Cir. 1989) (cautioning that courts should presume releases executed with advice of counsel valid to avoid questions about what caused a plaintiff to execute it). Either way, the releases were not obtained under such pressured bargaining circumstances as to be unconscionable. *See* ECF No. 26, at 5-6.

Instead, Plaintiffs, with advice of counsel, removed all conceivable risk regarding whether they could assign post-termination by actively negotiating FedEx Ground's repeated forbearance from its undisputed right to terminate immediately and used the time provided to make a seven-figure sale. *See* ECF 42, at 20 (admitting that FedEx Ground "had a right to terminate the contract"); ECF 38-1, at 19 (referencing lawyer-to-lawyer correspondence between Mr. Husted, representing Plaintiffs, and counsel for FedEx Ground); ECF 38-13, at 3 (Mr. Husted, upon receipt of FedEx Ground's August 3, 2016 correspondence setting forth conditions for proposed assignments, including execution of a release, responding that the proposals "appear reasonable" and requesting "time to review everything with [his] client" before

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

5
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No.  5:17-cv-02060-JLS-KK

formally responding); *id.* at 4 (Mr. Husted requesting additional time to comply with the conditions for assignment and negotiate terms with potential buyers); *id.* at 5 (FedEx Ground agreeing to an extension until August 31, 2016); *id.* at 10 (Mr. Husted stating on August 24, 2016 that he would review the release and waiver with his client and representing that "[t]here does not appear to be an issue with the release and previous conditions set"); *id.* at 10 (Mr. Husted requesting an additional extension, which FedEx Ground agreed to); *id.* at 15 (Mr. Husted confirming on August 29, 2016 that his client "agreed to all the conditions" and telling FedEx Ground's counsel that he and his client "appreciate the forbearance . . . [w]e were concerned that any unnecessary pressure would affect Mr. Kalaj's negotiating leverage with the potential buyers, so thank you again"); *see also, e.g.*, *Romero,* 158 F. Supp. 3d at 383; *Francis v. FirstEnergy Corp.*, No. CIV. A. 15-673, 2015 WL 4873961, at *6 (W.D. Pa. Aug. 13, 2015) (arbitration clause was not procedurally unconscionable under Pennsylvania law where it was contained in an agreement that was "an arms' length, commercial transaction between parties that were both represented by counsel"); *Am. Outdoorsman, Inc. v. Shadow Beverages & Snacks, LLC*, No. CIV.A. 13-443, 2014 WL 7335027, at *6 (W.D. Pa. Dec. 19, 2014) (acceleration clause in an agreement was not procedurally unconscionable under Pennsylvania law where the parties seeking to invalidate the clause "had an opportunity to review and propose revisions to the terms of the Agreement and . . . the Agreement was also reviewed by counsel").[4]

---

[4] If this case proceeds notwithstanding that the releases were negotiated by Mr. Husted, who was involved no later than July 14, 2016, more than six weeks before the release was signed, Mr. Husted's advice will obviously be central to causation under the SAC, and FedEx Ground will therefore be entitled to discovery of that advice. *Galt Capital, LLP v. Seykota*, No. CIV. 2002-63, 2004 WL 298400, at *2 (D.V.I. Feb. 9, 2004) (holding that defendant waived attorney-client privilege by asserting claim to rescind agreement due to mutual mistake and unilateral mistake, which placed in issue defendant's confidential discussions with attorney regarding the agreement; defendant "cannot use his attorney to negotiate [an] agreement on his behalf and willingly sign that agreement, later claim he did not understand its terms, then interpose the attorney-client privilege to shield from discovery his discussions with and instructions to [the attorney]"); *Synalloy Corp. v.*

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

6
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No.  5:17-cv-02060-JLS-KK

Third, and conversely, if the assignment approval did not survive termination, then nothing has changed since dismissal of the FAC.[5]

Fourth, and finally, the releases are not substantively unconscionable. The degree of substantive unconscionability required is high given the procedural circumstances, *see Romero*, 1 F. Supp. 3d at 417, and as this Court noted in its earlier decision dismissing this case, Plaintiffs do not dispute that FedEx Ground had the right to terminate the contract immediately. *See* ECF Nos. 26, at 6; 42, at 20. Thus, because the releases provided relief from that termination, they gave Plaintiffs more than what they originally contracted for. *See* ECF No. 26, at 6. This is true even if assignment rights survived termination since the releases were based on bargained-for forbearance from termination, and not just assignment issues. *See* ECF 42, at 7-8. Moreover, even if assignment rights survived termination of the contract, they did not clearly do so, and Mr. Husted's successful negotiation for repeated forbearance was valuable to Plaintiffs because it removed all conceivable risk regarding whether they could assign post-termination. Therefore, Plaintiffs' assertions of unconscionability fail.[6]

---

*Gray*, 142 F.R.D. 266, 270 (D. Del. 1992) (holding that defendant waived attorney-client privilege by asserting counterclaim for fraudulent misrepresentation in entering agreement and rescission of the agreement due to "no meeting of the minds": "Because [defendant] raised the issues of its lack of understanding of the Agreement and fraudulent misrepresentation, in circumstances in which perhaps the only people who would have explained the agreement to it were its attorneys, the [defendant's] assertion in the counterclaim was an implicit waiver of the privilege."). If so, there will be serious and problematic issues of privilege and calling a lawyer as a witness to be addressed. *Cf.* Daniel C. Bitting & Cynthia L. Saiter, *Litigation Strategies for in-House Counsel*, 36 Corp. Couns. Rev. 117, 125 (2017) ("[A] lawyer who worked on a transaction will often have relevant testimony about the negotiations and circumstances that led to the deal. But testimony by a lawyer often raises thorny privilege issues.").

[5] At one point, Plaintiffs attempt to weave into their procedural unconscionability analysis the notion that FedEx Ground threatened them. *See* ECF No. 42, at 24-27. This is an improper attempt to revive a rejected economic duress concept regarding what is a sufficient threat to persons represented by counsel, *see* ECF No. 26, at 4-5, and bootstrap it to procedural unconscionability.

[6] Plaintiffs go so far as to imply that FedEx Ground actually "resell[s] the lines" and "reap[s] a substantial windfall" doing so. ECF No. 42, at 18. This is outrageous; there is no feature in the

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

7
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

### III. PLAINTIFFS FAIL TO ALLEGE FACTS SUPPORTING FRAUDULENT INDUCEMENT OR MISTAKE.

Finally, Plaintiffs' assertions of fraudulent inducement and mistake—terms, along with "misrepresentation," mentioned nowhere in the SAC—also fail for three reasons.

First, Plaintiffs have not alleged fraudulent inducement because the alleged misstatements to which they point regarding FXG being "in position to consent" or forbearing from "withholding consent," ECF No. 42, at 15, were not statements of present fact. Instead, they were lawyer-to-lawyer, forward-looking statements of legal opinion regarding FedEx Ground's contract rights and obligations based on facts—the pages of the operating agreement, correspondence, and releases—known to everyone. *See A. P. Landis, Inc., v. Mellinger*, 175 A. 745, 747 (1934) ("[A]n expression of an opinion of the legal liability of [a party] as a matter of law . . . [is] insufficient to amount to a fraudulent misrepresentation."); Restatement (Second) of Torts § 545 cmt. d (1977) ("[A]s between bargaining adversaries there can ordinarily be no justifiable reliance upon an opinion . . . . The recipient is not justified in accepting the opinion of a known adversary on the law and is expected to draw his own conclusions or to seek his own independent legal advice."); *Posel v. Home Depot U.S.A., Inc.*, No. CIV. A. 94-5787, 1995 WL 214454, at *4 (E.D. Pa. Apr. 3, 1995) (holding that there was no fraudulent misrepresentation where "the three alleged misrepresentations at issue were legal opinions made by Home Depot's attorney and

---

Operating Agreements by which FedEx Ground "sells" service rights to companies providing it services. *See* ECF Nos. 38-2 and 38-3, *passim*. Contractors simply contract to provide services under contracts that specify certain rights regarding the runs they make. Plaintiffs also cite *Openshaw v. FedEx Ground Package Sys., Inc.*, 731 F. Supp. 2d 987 (C.D. Cal. 2010), an arbitration case, and appear very nearly to argue that rights regarding termination are per se unreleasable. *See* ECF No. 42, at 22, 26. Again, however, Plaintiffs do not dispute FXG's right to their immediate termination in this case, *see id.* at 20, and *Openshaw* involved an unconscionability determination that was, in any event, based on the particular facts and circumstances of the case, quite prominently including Mr. Openshaw's inability to timely consult an attorney before deciding to follow the arbitration clause and initiate arbitration instead of suing in court, *see* 731 F. Supp. 2d at 992.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

8
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

real estate agent to plaintiffs' attorney," "[t]he statements were subjective[,] and . . . the law of written contracts[] was equally accessible to both attorneys"); *Smith v. Sweden Valley, LLC*, No. 4:14-CV-01617, 2015 WL 12669894, at *6 (M.D. Pa. June 19, 2015), *report and recommendation adopted*, No. 4:14-CV-1617, 2015 WL 12696087 (M.D. Pa. Sept. 23, 2015), *aff'd*, 633 F. App'x 94 (3d Cir. 2016) (finding no fraudulent inducement between similarly situated lay people based on a legal opinion where the relevant law was "equally accessible" to both parties).

Second, and alternatively, if the alleged misstatements are construed as expressing FedEx Ground's intent not to approve any assignment except upon the conditions it communicated, such forward-looking statements of intent are not misrepresentations because—as Plaintiffs own filings agree—the statements were true. *See, e.g.*, ECF No. 38-1, at 18-19 (alleging that at the time of the events in question, FedEx Ground "assumed" that assignment did not survive termination); ECF No. 42, at 16 (arguing that "[e]ven today, FedEx and their attorneys believe" that assignment rights do not survive termination).

Third, and finally, the release is not voidable even if there was a mistake regarding accrual/non-survival, because any alleged mistake was a mistake of law based on full knowledge of the facts—again, the contents of the documents at issue. *See Benec v. Armstrong Cement & Supply Corp.*, No. 139 WDA 2016, 2016 WL 6876320, at *4 (Pa. Super. Ct. Nov. 22, 2016) (citing *Acme Mkts., Inc. v. Valley View Shopping Ctr., Inc.*, 493 A.2d 736, 737 (Pa. Super. Ct. 1985)) ("Incorrect interpretations of legal documents are considered mistakes of law" which "do[] not allow for recovery."); *First Nat'l Bank v. Rockefeller*, 5 A.2d 205, 207 (Pa. 1939) (noting that "relief has been refused" where, as Plaintiffs allege here, "a contract has been fairly made with full knowledge of the facts, even though a party thereto may have been under a misapprehension concerning its legal effect"); ECF 42, at 9, 18, 21,

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

9
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

24 (Plaintiffs describing the issue as a mistake of law rather than fact).[7] Plaintiffs, therefore, fail to allege facts supporting fraudulent inducement or mistake.

## CONCLUSION

For the reasons stated herein, FedEx Ground respectfully asks the Court to dismiss Plaintiffs' Second Amended Complaint.

DATED: April 13, 2018                Respectfully submitted,

By:   s/Barak J. Babcock
      Barak J. Babcock
      (Admitted *Pro Hac Vice*)

      Attorney for Defendant
      FEDEX GROUND PACKAGE SYSTEM, INC.

---

[7] As background, "[a] mistake of law occurs where a person is truly acquainted with the existence or nonexistence of facts, but is ignorant of, or comes to an erroneous conclusion as to, their legal effect." *Acme Mkts.*, 493 A.2d at 737 (quoting 70 C.J.S. Payment § 156(c) (1951)). "A general rule in [Pennsylvania] is that ignorance or mistake of law with full knowledge of the facts is not grounds for equitable relief." *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1255 (Pa. 2006); *accord Rockefeller*, 5 A.2d at 206 ("The time honored rule that ignorance or mistake of law with a full knowledge of the facts, is not per se a ground for equitable relief, has been approved and followed in numerous decisions of this Court.") (citing cases); *Peerless Ins. Co. v. Pa. Cyber Charter Sch.*, 19 F. Supp. 3d 635, 641 (W.D. Pa. 2014) (quoting *Skepton*). If "ignorance or mistake of law were generally allowed to be pleaded, there could be no security in legal rights, no certainty in judicial investigations, no finality in litigations." *Rockefeller*, 5 A.2d at 207 (internal quotation omitted); *see also, e.g.*, *Essex Ins. Co. v. RMJC, Inc.*, 306 F. App'x 749, 755 (3d Cir. 2009) (explaining the rationale against mistake-of-law arguments where the person had "full knowledge of the facts": "The rule . . . is supported as a corollary of the criminal law maxim that one is presumed to know the law and that to hold otherwise would render legal accountability unenforceable." (citing *Acme Mkts.*,, 493 A.2d at 737)); *Liss & Marion, P.C. v. Recordex Acquisition Corp.*, 937 A.2d 503, 514 (Pa. Super. Ct. 2007)); *Acme Mkts.*, 493 A.2d at 737 ("[T]o allow mistake or ignorance of the law to void actions taken by parties would subvert the effective administration of the law.").

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

10
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No. 5:17-cv-02060-JLS-KK

# CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2018, I caused the foregoing **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12** to be filed with the Clerk of Court via CM/ECF, which will send notice to the following CM/ECF participants.

**Raj D. Roy.**
**Frank P. Agello**
**Roy Legal Group**
**8345 Reseda Boulevard, Suite 222**
**Northridge, CA 91324**
**Tel 818.993.3300**
**Fax 818.993.4577**

**Attorneys for Plaintiff**

Executed on April 13th, 2018, at Moon Township, Pennsylvania.

*s/Barak J. Babcock*
Barak J. Babcock

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12
Case No.  5:17-cv-02060-JLS-KK